Filed 8/4/14  P. v. Michael M. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059216 |
| v. | (Super.Ct.No. INF040548) |
| MICHAEL M., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Charles Everett Stafford, Jr., Judge.  Affirmed.

Patricia J. Ulibarri, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Michael Pulos, Deputy Attorneys General, for Plaintiff and Respondent.

1

This is an appeal by defendant and appellant Michael M. following the trial court's order denying defendant's petition to recall his sentence under the Three Strikes Reform Act of 2012, added by Proposition 36 (the Reform Act). (Pen. Code, § 1170.126.)[1] On appeal, defendant argues that (1) the trial court denied his due process rights by finding him ineligible for resentencing under the Reform Act because the crime of possession of a firearm by a felon is not a disqualifying offense under section 667, subdivision (e)(2)(C)(iii); (2) the trial court abused its discretion in finding he posed an unreasonable risk of danger to public safety without allowing defense counsel a reasonable opportunity to prepare; and (3) he was denied effective assistance of counsel. For the reasons explained below, we will affirm the trial court's order.

I

FACTUAL AND PROCEDURAL BACKGROUND[2]

On May 5, 2002, a patrol officer initiated a traffic stop on a vehicle for excessive speed. Upon contacting the four occupants of the vehicle, one of the passengers, seated in the right rear seat and identified as defendant, informed the officer that he had an outstanding warrant. A computer check revealed that defendant was a parolee at large with a warrant. The officer searched defendant and found a "'Speedy

_____

[1] All future statutory references are to the Penal Code unless otherwise stated.

[2] The factual background of the underlying offense is taken from the probation report.

2

Loader'" containing six rounds of .45-caliber ammunition, as well as four other rounds of the same ammunition.

A search of the vehicle revealed a loaded .25-caliber semiautomatic handgun with one bullet in the chamber and seven in the magazine clip under the right front passenger's seat; and a loaded .45-caliber revolver in a pouch attached to the back of the right front passenger's seat (this pouch was directly in front of defendant's rear passenger seat). The revolver contained six rounds of the same ammunition as found in defendant's pocket. Another passenger was found in possession of a large amount of .25-caliber ammunition and 1.5 grams of methamphetamine. A police scanner was also found in the vehicle and was set on the Palm Springs frequency.

The four occupants of the vehicle were arrested and transported to the police station. Defendant was unable to be interviewed as he had consumed a large amount of methamphetamine when the vehicle was pulled over. Defendant was subsequently transported to a hospital for treatment of possible overdose.

On January 22, 2003, an information was filed charging defendant with possession of ammunition by a felon (Welf. & Inst. Code, §§ 8100 & 8103); possession of a firearm by a felon (former §§ 12021/12021.1);[3] and possession of methamphetamine (Health &

_____

[3] Effective January 1, 2012, former section 12021(a) was repealed and reenacted without substantive change as section 29800, subdivision (a). (See Cal. Law Revision Com. com. & Historical and Statutory Notes, 51D Pt. 4 West's Ann. Pen. Code (2012 ed.) foll. § 29800, p. 194.) All further references to section 12021 are to the former version.

3

Saf. Code, § 11377, subd. (a)).  The information further alleged that defendant had sustained three prior serious and violent felony convictions (§§ 667, subds. (c) & (e), 1170.12, subd. (c)) for felon in possession of a firearm (§ 12021.1), assault with a deadly weapon (§ 245, subd. (a)(1)), and robbery (§ 211).  The information also alleged that defendant had served three prior prison terms (§ 667.5, subd. (b)).[4]

On November 18, 2003, defendant was convicted of possession of ammunition by a felon and possession of a firearm by a felon.  It was also found true that defendant had suffered three prior strike convictions and three prior prison terms.  Defendant was subsequently sentenced to 28 years to life in state prison with credit for time served.

On November 6, 2012, the electorate passed Proposition 36, also known as the Reform Act.  Among other things, this ballot measure enacted section 1170.126, which permits persons currently serving an indeterminate life term under the "Three Strikes" law to file a petition in the sentencing court seeking to be resentenced to a determinate term as a second striker.  (§ 1170.126, subd. (f).)  If the trial court determines, in its discretion, that the defendant meets the criteria of section 1170.126, subdivision (e), the court may resentence the defendant.  (§ 1170.126, subds. (f), (g).)

Section 1170.126, subdivision (e), provides, as pertinent here, that a defendant is eligible for resentencing if he or she is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of section 667 or

---

[4] Although not part of the record, the information was apparently amended on June 23, 2003.  The amended information deleted the drug offense charge, but otherwise contained the same allegations.

4

subdivision (c) of section 1170.12 "for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of [s]ection 667.5 or subdivision (c) of [s]ection 1192.7." (§ 1170.126, subd. (e)(1).)

On January 29, 2013, defendant filed a petition for resentencing under section 1170.126. The People opposed the petition on the grounds that defendant was statutorily ineligible under the Reform Act because he was armed with a firearm during the commission of the commitment offenses and because he posed an unreasonable risk of danger to public safety.

The trial court heard the petition on July 16, 2013. Following argument from the parties, the trial court denied the petition, finding defendant ineligible for resentencing because defendant was armed with a firearm within the meaning of the armed-with-a-firearm exclusion when he committed his current offense. The court also found defendant was not eligible for resentencing because defendant posed an unreasonable risk of danger to public safety.

On July 17, 2013, defendant filed a notice of appeal.[5]

---

[5] The appealability of the denial of a section 1170.126 petition is currently being considered by the Supreme Court. (See, e.g., *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708 [court held it was not appealable]; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017 [court held it was appealable].) Even if we were to conclude it was a nonappealable order, we could, in the interest of judicial economy and because of uncertainty in the law, treat defendant's appeal as a petition for writ of habeas corpus or petition for writ of mandate. (See *People v. Segura* (2008) 44 Cal.4th 921, 928, fn. 4 [treating appeal from nonappealable order as petition for writ of habeas corpus]; *Drum v. Superior Court* (2006) 139 Cal.App.4th 845, 852-853 [Fourth Dist., Div. Two] [treating

*[footnote continued on next page]*

5

II

DISCUSSION

Defendant argues that the trial court denied his due process rights by finding him ineligible for resentencing under the Reform Act because the crime of possession of a firearm by a felon is not a disqualifying offense under section 667, subdivision (e)(2)(C)(iii). Specifically, defendant argues that he was statutorily eligible under the plain language of the Reform Act, because the statute does not "encompass the independent offense of possession," instead the prosecution must plead and prove defendant was "armed" during the commission of a separate, tethering felony. Defendant further claims that using a disqualifying factor not pled and proved to the jury would violate his constitutional rights to due process and a jury trial under *Apprendi v. New Jersey* (2000) 530 U.S. 466 (*Apprendi*), and that the trial court's "literal, but implausible, interpretation of [the Reform Act] . . . produce[d] an absurd, unjust, and unconstitutional result."

Defendant also asserts that, assuming he was eligible for resentencing, the matter should be remanded because the trial court abused its discretion by making a dangerous finding without allowing counsel a reasonable opportunity to prepare, and because the trial court stated that if defendant was eligible, defendant would have an opportunity to

---

*[footnote continued from previous page]*
appeal as petition for writ of mandate due to uncertainty in the law].) In any event, we will review defendant's appeal.

put forth evidence.[6]  In the alternative, defendant claims that he was denied effective assistance of counsel when counsel was not prepared to put forth evidence concerning the dangerousness issue and for counsel's failure to object on *Apprendi* grounds.

A.      *Principles of Statutory Interpretation*

Statutory interpretation is a question of law.  (*Reno v. Baird* (1998) 18 Cal.4th 640, 660.)  Consequently, appellate courts apply their independent judgment when interpreting a legislative act.  (*California Teachers Assn. v. San Diego Community College Dist.* (1981) 28 Cal.3d 692, 699.)

"Thus, the first step in statutory construction is to examine the statutory language and give it a plain and commonsense meaning." (*People v. Verduzco* (2012) 210 Cal.App.4th 1406, 1414.)  In other words, "We must give the statutory provisions at issue a reasonable and common sense interpretation, consistent with the apparent purpose and intention of the Legislature.  If possible, we will give significance to the plain meaning of every word, phrase, and sentence of a statute in pursuance of the legislative purpose, harmonizing the various parts of an enactment by considering each particular clause or section in the context of the statutory framework as a whole.  In this process, we must take into account the context, object, and history of the legislation, as well as public policy and contemporaneous construction in our attempt to arrive at a construction that is

---

**6**  The trial court appeared to suggest that if defendant was statutorily eligible, the court would allow further evidence.

practical rather than technical in nature.  [Citations.]"  (*In re Rochelle B.* (1996) 49 Cal.App.4th 1212, 1216; see also *People v. Zambia* (2011) 51 Cal.4th 965, 972.)

"If the meaning of the statute remains unclear after examination of both the statute's plain language and its legislative history, then we proceed to the third and final step of the interpretive process.  We apply 'reason, practicality, and common sense to the language at hand.'  [Citation.]  The words of the statute should be interpreted 'to make them workable and reasonable.'  [Citation.]"  (*People v. Verduzco*, *supra*, 210 Cal.App.4th at p. 1414.)

    B.    *The Reform Act*

In approving the Reform Act, the voters found and declared that its purpose was to prevent the early release of dangerous criminals and relieve prison overcrowding by allowing low-risk, nonviolent inmates serving life sentences for petty crimes, such as shoplifting and simple drug possession, to receive twice the normal sentence instead of a life sentence.  (Voter Information Guide, Gen. Elec. (Nov. 6, 2012) text of Prop. 36, § 1, subds. (3), (4) & (5), p. 105; see Historical and Statutory Notes, 49 West's Ann. Pen. Code (2014 supp.) foll. § 667, pp. 40-41.) [7]  The electorate also approved a mandate that the Reform Act be liberally construed to effectuate the protection of the health, safety, and welfare of the People of California.  (Voter Information Guide, *supra*, text of

---

[7] The People request that we take judicial notice of the Official Voter Information Guide for the California General Election of November 6, 2012, pages 48-53 and pages 105-110, plus the title page, relating to the Reform Act.  We will grant that request pursuant to Evidence Code sections 452 and 459.

Prop. 36, § 7, p. 110.) Accordingly, we liberally construe the provisions of the Reform Act in order to effectuate its foregoing purposes.

The Reform Act amended the three strikes statutes (§§ 667, 1170.12) to require that before a defendant may be sentenced to an indeterminate life term in prison under the Three Strikes law, the new felony (the commitment offense) must generally qualify as a serious or violent felony. (§§ 667, subd. (e)(2)(A), (C), 1170.12, subd. (c)(2)(A), (C).) An exception to this general rule exists, among others, where the prosecution has pled and proved the defendant used a firearm in the commission of the current offense, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii)). If the prosecution pleads and proves this exception exists, the defendant must be sentenced under the Three Strikes law. (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168.)

The Reform Act also created a post-conviction release proceeding by adding section 1170.126. Section 1170.126 applies exclusively to those "persons presently serving an indeterminate term of imprisonment pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, whose sentence under this act would not have been an indeterminate life sentence." (§ 1170.126, subd. (a).) Under section 1170.126, "a prisoner who is serving an indeterminate life sentence imposed pursuant to the [T]hree [S]trikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court

determines that resentencing would pose an unreasonable risk of danger to public safety." (*People v. Yearwood*, *supra*, 213 Cal.App.4th at p. 168.)

Defendant's current commitment felony offenses of felon in possession of ammunition and felon in possession of a firearm are not violent felonies within the meaning of section 667.5, subdivision (c), or serious felonies within the meaning of section 1192.7, subdivision (c). However, the inquiry does not end with whether or not the current offenses are a serious or violent felony. As previously noted, an inmate is eligible for such resentencing if none of his or her commitment offenses constitute serious or violent felonies *and none of the enumerated factors* disqualifying a defendant for resentencing under Proposition 36 apply. (§ 1170.126, subd. (e).)

Section 1170.126, subdivision (e)(2), provides, as pertinent here, that a defendant is eligible for resentencing if "[t]he inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (§ 1170.126, subd. (e)(2).) Being armed with a firearm during the commission of a current offense is listed in section 667, subdivision (e)(2)(C)(iii), and section 1170.12, subdivision (c)(2)(C)(iii).[8] Under the plain language of the armed-with-a-firearm

---

[8] Section 667, subdivision (e)(2)(C)(iii), provides: "[(e)(2)](C) If a defendant has two or more prior serious and/or violent felony convictions as defined in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7 that have been pled and proved, and the current offense is not a serious or violent felony as defined in subdivision (d), the defendant shall be sentenced [as a second strike offender] pursuant to paragraph (1) of

*[footnote continued on next page]*

10

exclusion, defendant is ineligible for resentencing relief as a second strike offender if his life sentence was "imposed" because "[d]uring the commission of the current offense, [he] . . . was armed with a firearm." (§§ 667, subd. (e)(2)(C)(iii) & 1170.12, subd. (c)(2)(C)(iii), both cross-referenced in § 1170.126, subd. (e)(2).)

C.    *"Armed With a Firearm"*

The Reform Act does not define "armed with a firearm." However, the Penal Code provides definitions to distinguish between arming and use.[9] Section 1203.06, subdivision (b)(3), defines "armed with a firearm" as "to knowingly carry or have available for use a firearm as a means of offense or defense." Section 1203.06, subdivision (b)(2), currently states "'used a firearm' means to display a firearm in a menacing manner, to intentionally fire it, to intentionally strike or hit a human being with

---

*[footnote continued from previous page]*
subdivision (e) unless the prosecution pleads and proves any of the following: [¶] . . . [¶] (iii) *During the commission of the current offense, the defendant used a firearm, [or] was armed with a firearm . . . .*" (Italics added.)

Section 1170.12, subdivision (c)(2)(C)(iii), provides: "[(c)(2)](C) If a defendant has two or more prior serious and/or violent felony convictions as defined in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7 that have been pled and proved, and the current offense is not a felony described in paragraph (1) of subdivision (b) of this section, the defendant shall be sentenced [as a second strike offender] pursuant to paragraph (1) of subdivision (c) of this section, unless the prosecution pleads and proves any of the following: [¶] . . . [¶] (iii) *During the commission of the current offense, the defendant used a firearm, [or] was armed with a firearm . . . .*" (Italics added.)

[9] In sections 12022 and 12022.5, the Legislature drew a distinction between *armed* with a firearm in the commission of a felony and *using* a firearm in the commission of a felony, and it made firearm *use* subject to more severe penalties. (*People v. Bland* (1995) 10 Cal.4th 991, 996-997 (*Bland*).)

11

it, or to use it in any manner that qualifies under Section 12022.5."[10] (See CALCRIM No. 3146 [adopts the statutory definition for "use of a firearm"]; *People v. Wims* (1995) 10 Cal.4th 293, 302 [noting the definition in the standard jury instruction for "use" was adapted from the statutory definition]; *People v. Johnson* (1995) 38 Cal.App.4th 1315, 1319 [declaring the statutory definition of gun use in section 1203.06 applicable to section 12022.5].)

The lead case construing the language of "armed with a firearm" and addressing the definition of arming for purposes of former section 12022 is *Bland*, *supra*, 10 Cal.4th 991. In *Bland*, our Supreme Court, contrasting *arming* with *use* of a firearm, explained that former section 12022, which imposed an additional prison term for anyone "armed with a firearm in the commission" of a felony, applied where "the defendant has the specified weapon available for use, either offensively or defensively." (*Id*. at p. 997.) The court explained: "[T]he statutory language 'in the commission of a felony' mean[s] any time during and in furtherance of the felony. Therefore . . . [a] sentence enhancement for being 'armed' with an assault weapon applies whenever during the commission of the underlying felony the defendant had an assault weapon available for use in the furtherance of that felony. [Citation.]" (*Id*. at p. 1001, italics omitted.) "[B]y specifying that the added penalty applies only if the defendant is armed with a firearm 'in the

---

**10** Section 12022.5, subdivision (a), provides in pertinent part: "[A]ny person who personally uses a firearm in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for 3, 4, or 10 years, unless use of a firearm is an element of that offense."

commission' of the felony offense, section 12022 implicitly requires both that the 'arming' take place *during* the underlying crime and that it have some '*facilitative nexus*' to that offense." (*Bland*, at p. 1002.)

The Supreme Court has subsequently reiterated *Bland's* holding that the *arming* under section 12022 must have occurred both during the commission of the underlying crime and have a facilitative nexus to the crime. (*In re Tameka C.* (2000) 22 Cal.4th 190, 197.) And, most recently, in *People v. Pitto* (2008) 43 Cal.4th 228, in refusing to overrule *Bland*, the court agreed with the defendant's contention that "*Bland* appears to have adopted a 'facilitative nexus' test and embraced a 'purpose and effect' standard." (*Id*. at p. 239.)

"The statutory elements of a violation of section 12021, subdivision (a)(1), . . . are that a person, who has previously been convicted of a felony, had in his or her *possession* or under his or her custody or control any firearm." (*People v. Padilla* (2002) 98 Cal.App.4th 127, 138, italics added.) Although the crime of possession of a firearm by a felon may involve the act of personally carrying or being in actual *physical* possession of a firearm, as occurred here, such an act is not an essential element of a violation of section 12021, subdivision (a), because a conviction of this offense may also be based on a defendant's constructive possession of a firearm. (See *People v. Sifuentes* (2011) 195 Cal.App.4th 1410, 1417 (*Sifuentes*); *People v. Mejia* (1999) 72 Cal.App.4th 1269, 1272 [defendant need not physically have the weapon on his person; constructive possession of a firearm "is established by showing a knowing exercise of dominion and control"

13

over it].) "To establish constructive possession, the prosecution must prove a defendant knowingly exercised a right to control the prohibited item, either directly or through another person." (*Sifuentes*, *supra*, at p. 1417.) Hence, while the act of being armed with a firearm—that is, having ready access to a firearm (*Bland*, *supra*, 10 Cal.4th at p. 997)—necessarily requires possession of the firearm, possession of a firearm does not necessarily require that the possessor be armed with it.

Defendant argues that he could not be armed with a firearm during the commission of his possession of that firearm, because one is not "armed" with a firearm during the commission of possession of that firearm; that the language "during the commission of the current offense" in the Reform Act requires an additional tethering offense to trigger that exclusion provision; and that no sentence was ever imposed on him for being armed with a firearm.

As the People point out, defendant's exact arguments were recently rejected by our colleagues in *People v. White* (2014) 223 Cal.App.4th 512, 522-524 (*White*) (review den. Apr. 30, 2014, S217030 [Fourth Dist., Div. One].) *White* deemed it appropriate for the court to look beyond the crime for which defendant had been sentenced to determine whether the "armed-with-a-firearm" exception to resentencing applied. (*Id*. at p. 523.) There, the defendant had been convicted and sentenced as a felon in possession of a firearm. The court recognized that "possession of a firearm does not necessarily require that the possessor be armed with it" (*id*. at p. 524), but affirmed the denial of resentencing because "the record of conviction establishes that the applicable resentencing eligibility

14

criterion set forth in section 1170.126[, subdivision] (e)(2) is not satisfied, and, thus, [the defendant] is ineligible for resentencing relief." (*Id*. at p. 524.)

Here, the accusatory pleading charged defendant with possession of ammunition by a felon and possession of a firearm by a felon by alleging the essential elements of those offenses. Although the information did not allege that defendant was armed with a firearm when he committed that offense, and it contained no sentence enhancement allegation that he was armed with a firearm, the record shows the prosecution's case was based on evidence that defendant not only possessed the firearm, but also that he was armed with the firearm, which was available for immediate use, during his commission of the current offenses. Specifically, the record demonstrates that defendant not only had a firearm in his possession or under his custody or control; he also was personally armed with the firearm because he was carrying it loaded in the pocket of the seatback directly in front of him—and, thus, had "ready access" (*Bland*, *supra*, 10 Cal.4th at p. 997) to—that firearm. The record of conviction shows that when the officer searched defendant, defendant had in his pocket a "Speedy Loader" containing six rounds of .45-caliber ammunition. Defendant also had four other rounds of the same ammunition in his pocket. Also, the loaded .45-caliber revolver was found directly in front of defendant's rear passenger seat. The revolver contained six rounds of the same ammunition as found in defendant's pocket.

15

We reject defendant's arguments that he could not be armed with a firearm during the commission of his current possessory offenses or that possessory offenses can never fall under the armed-with-a-firearm exclusion without another separate, tethering offense.

Our conclusion is consistent with the purposes of the Reform Act. As noted, the Reform Act is intended to provide resentencing relief to low-risk, nonviolent inmates serving life sentences for petty crimes, such as shoplifting and simple drug possession. (Voter Information Guide, *supra*, text of Prop. 36, § 1, subds. (3), (4) & (5), p. 105.) Defendant's current offenses of being a felon in possession of a firearm and being a felon in possession of ammunition—when viewed in light of the fact that he was armed with the firearm during the commission of those offenses—cannot be deemed a petty or minor crime for purposes of the Reform Act. The Reform Act is also intended to limit eligibility for resentencing to inmates who have not committed current and prior offenses, including *gun-related felonies*. (Voter Information Guide, *supra*, Analysis by Legislative Analyst, pp. 49-50.)

D.      *"Plead and Prove" Requirement*

Citing the "plead and prove" language contained in sections 667, subdivision (e)(2)(C), and 1170.12, subdivision (c)(2)(C) (discussed, *post*), defendant claims that "when read in context," the prosecution was required to have "plead and prove" that he was armed with a firearm, and since here the prosecution did not plead or prove that he was armed with a firearm during the commission of the current offenses, the armed-with-a-firearm exclusion does not apply.

16

Section 667, subdivision (e)(2)(C), provides in pertinent part that, "[i]f a defendant has two or more prior serious and/or violent felony convictions . . . and the current offense is not a serious or violent felony, . . . *the defendant shall be sentenced*" (italics added) as a second strike offender "unless the prosecution *pleads and proves*" (italics added) any of the four enumerated exceptions or exclusions set forth in clauses (i) through (iv) of section 667, subdivision (e)(2)(C).  (See *People v. Superior Court* (*Kaulick*) 215 Cal.App.4th 1279, 1293 (*Kaulick*).)

Section 1170.12, subdivision (c)(2)(C), similarly provides that, "[i]f a defendant has two or more prior serious and/or violent felony convictions . . . and the current offense is not a [serious or violent] felony . . . , *the defendant shall be sentenced*" (italics added) as a second strike offender "unless the prosecution *pleads and proves*" (italics added) any of the four enumerated exceptions or exclusions set forth in clauses (i) through (iv) of section 1170.12, subdivision (c)(2)(C).  (See *Kaulick*, *supra*, 215 Cal.App.4th at p. 1293.)

We reject defendant's contention that the pleading and proof requirement set forth in both section 667, subdivision (e)(2)(C), and section 1170.12, subdivision (c)(2)(C), is incorporated into section 1170.126.  Defendant's reliance on the plead-and-prove language is unavailing.  "Although section 1170.126, subdivision (e)(2), expressly cross-references clauses (i) to (iii), inclusive, of sections 667, subdivision (e)(2)(C), and 1170.12, subdivision (c)(2)(C), nothing in the language of section 1170.126, subdivision (e)(2), or of any of the other subdivisions of section 1170.126 governing an inmate's

17

petition for resentencing relief under the Reform Act references the plead-and-prove language." (*White*, *supra*, 223 Cal.App.4th at pp. 526-527.)

As the *White* court noted, defendant's reference to the pleading and proof requirement "plainly is a part of only the *prospective* part of the Reform Act, which governs the *sentencing of a defendant* with two or more prior serious and/or violent felony convictions who has suffered a third felony conviction; it is *not* a part of section 1170.126, the *retrospective* part of the Reform Act that governs a petition for resentencing brought by an *inmate* already serving a life sentence under the Three Strikes law." (*White*, *supra*, 223 Cal.App.4th at p. 527, italics in original.) The court in *Kaulick* explained: "[T]here are two parts to the [Reform] Act: the first part is *prospective* only, reducing the sentence to be imposed in future three strike cases where the third strike is not a serious or violent felony (Pen. Code, §§ 667, 1170.12); the second part is *retrospective*, providing *similar*, but *not identical*, relief for prisoners already serving third strike sentences in cases where the third strike was not a serious or violent felony (Pen. Code, § 1170.126)." (*Kaulick*, *supra*, 215 Cal.App.4th at p. 1292.) The *Kaulick* court also explained that, "under the prospective part of the [Reform] Act, if the defendant's current third strike offense is not serious or violent, and none of four enumerated exceptions applies, the defendant 'shall be' sentenced as if the defendant had only a single prior strike." (*Id.* at p. 1293.)

We also reject defendant's assertion that using a disqualifying factor not pled and proved to the jury would violate his constitutional rights to due process and a jury trial

under *Apprendi*, *supra*, 530 U.S. 466 and its progeny.  He maintains that he was entitled to a jury trial to determine whether he was armed with a gun.

*Apprendi* states that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  (*Apprendi*, *supra*, 530 U.S. 466 at p. 490.)  Subsequently, in *Blakely v. Washington* (2004) 542 U.S. 296, the high court clarified that the "prescribed statutory maximum" for purposes of the right to a jury trial is not necessarily the maximum penalty provided by statute for the crime; rather, it is "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."  (*Id*. at p. 303, italics omitted.)  And in *Alleyne v. United States* (2013) __ U.S. __ [133 S.Ct. 2151, 186 L.Ed.2d 314] the same court declared that a fact which increases the mandatory minimum sentence must likewise be submitted to a jury, and proved beyond a reasonable doubt.  (133 S.Ct. at p. 2154, 186 L.Ed.2d at p. 321.)  Thereafter, the high court in *Cunningham v. California* (2007) 549 U.S. 270, explained that, "under the Sixth Amendment, any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence." (*Id*. at p. 281.)  Defendant's reliance on these cases is based upon a contention that because the finding that defendant was armed with a firearm during the felon in possession of a firearm offense increased the mandatory minimum term of the

resentencing provision from a two strikes sentence to a three strikes sentence, he was entitled to have a jury determine whether he was armed with or used a gun.

Defendant misapplies *Apprendi* and its progeny to resentencing petitions under section 1170.126. The determinations required under section 1170.126 are not factors justifying enhancing a defendant's sentence beyond the statutory maximum. (See *Kaulick*, *supra*, 215 Cal.App.4th at pp. 1302-1304.) "The retrospective part of the [Reform] Act is not constitutionally required, but an act of lenity on the part of the electorate. It does not provide for wholesale resentencing of eligible petitioners. Instead, it provides for a proceeding where the original sentence may be modified downward. Any facts found at such a proceeding, such as dangerousness, do not implicate Sixth Amendment issues. Thus, there is no constitutional requirement that the facts be established beyond a reasonable doubt." (*Id.* at pp. 1304-1305, citing *Dillon v. United States* (2010) 560 U.S. 817, 829 (*Dillon*).)

The failure of the applicability of these cases here lies in the difference between a proceeding which would *increase* a sentence and one which would *decrease* the sentence. The resentencing provisions under section 1170.126 are akin to a hearing regarding "downward sentence modifications due to intervening laws" (*Kaulick*, *supra*, 215 Cal.App.4th at p. 1304; see *Dillon*, *supra*, 560 U.S. at p. 829), and therefore *Apprendi* and the limitations of the Sixth Amendment do not apply to resentencing determinations.

In sum, we conclude that, where the record establishes the prosecution's case was based on the theory a defendant convicted of possession of a firearm by a felon

was physically armed with the firearm or had ready access to that firearm during the commission of that offense, the armed-with-a-firearm exclusion applies and, thus, a defendant is not entitled to resentencing relief under the Reform Act. We also hold that, in such a case, a trial court may deny section 1170.126 resentencing relief under the armed-with-a-firearm exclusion even if the accusatory pleading did not allege he or she was armed with a firearm during the commission of that possession offense.

Accordingly, we will affirm the order denying defendant's petition for a recall of his life sentence and for resentencing as a second strike offender under the Reform Act.[11]

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


KING
J.


MILLER
J.

---

[11] Because we find defendant was ineligible for resentencing relief, we need not address defendant's remaining contentions.

21